ACCEPTED
03-15-00144-CR
5591872
THIRD COURT OF APPEALS
AUSTIN, TEXAS
6/8/2015 5:30:33 PM
JEFFREY D. KYLE
CLERK

No. 03-15-00144-CR (Counts II and III)

IN THE COURT OF APPEALS
FOR THE THIRD DISTRICT OF TEXAS, AT AUSTIN

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
6/9/2015 10:14:33 AM
JEFFREY D. KYLE
Clerk

## Christopher Arthur Kurtz
Appellant

v.

## The State of Texas
Appellee

On Appeal from the 207th District Court of Comal County in
Cause No. CR2014-343 (Counts II and III), the Hon. Jack
Robison, Judge Presiding

# Brief Pursuant to Anders v. California

Submitted by:

## John G. Jasuta
Attorney at Law
1801 East 51st Street, Suite 365474
Austin, Texas 78723
eMail: lawyer1@johnjasuta.com
Tel. 512-474-4747
Fax: 512-532-6282

State Bar Card No. 10592300

Court Appointed Attorney for Appellant

## Oral Argument Inapplicable

# Identity of Parties and Counsel

Pursuant to Rule 38.1(a), Rules of Appellate Procedure ("Tex.R.App.Pro."), the following is a complete list of the names and addresses of all parties to the trial court's final judgment and their counsel in the trial court, as well as appellate counsel, so the members of the Court may at once determine whether they are disqualified to serve or should recuse themselves from participating in the decision of the case and so the Clerk of the Court may properly notify the parties to the trial court's final judgment or their counsel, if any, of the judgment and all orders of the Court of Appeals.

## Appellant

Christopher Arthur Kurtz
TDCJ # 01968855

Trial Counsel

**Matt Stolhandske**
SBN 19278750
**Venessa D. Rodriguez**
SBN 24077794
1004 S. St. Mary's
San Antonio, Texas 78205

Appellate Counsel

**John G. Jasuta**
SBN 17833400
1801 E. 51st St, Ste 365474
Austin, Texas 78723

## State of Texas

Jennifer Tharp
District Attorney
150 N. Seguin, Suite 307
New Braunfels, Texas 78130

Trial Counsel

**Clayten H. 'Clay' Hearrell**
SBN 24059919
**Chari L. Kelly**
SBN 24057939

Appellate Counsel

**Joshua Presley**
SBN 24088254

i

# Table of Contents

Identity of Parties and Counsel. . . . . . . . . . . . . . . . . . . . . .   i

Index of Authorities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

Statement of the Case. . . . . . . . . . . . . . . . . . . . . . . . . . . . v

Issue Presented. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

Note About Abbreviations.. . . . . . . . . . . . . . . . . . . . . . . . . v

Statement of Facts.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Issue Presented Restated.. . . . . . . . . . . . . . . . . . . . . . . . . 6

**Whether the Instant Appeal Is Frivolous and Without Merit, Such that the Undersigned Should Withdraw as Appellate Counsel**.

Professional Evaluation. . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Notice Given to Appellant.. . . . . . . . . . . . . . . . . . . . . . . . . 21

Prayer. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

Statement Regarding Oral Argument. . . . . . . . . . . . . . . . . . 23

Certificate of Compliance and Delivery.. . . . . . . . . . . . . . . . 23

# Index of Authorities

**Federal Cases**:

*Anders v. California*, 386 U.S. 738 (1967). . . . . . . . . . . 1, 6-8

*McCoy v. Court of Appeals*, 486 U.S. 429 (1988). . . . . . . . 6, 8

*Strickland v. Washington*, 466 U.S. 668 (1984). . . . . . . . . 15

**Texas Cases**:

*Cain v. State*, 958 S.W.2d 404 (Tex.Cr.App. 1997). . . . . . . . 14

*Casey v. State*, 215 S.W.3d 870 (Tex.Cr.App. 2007). . . . . . . 16

*Hacker v. State*, 389 S.W.3d 860 (Tex.Cr.App. 2013). . . 13, 14

*Hammons v. State*, 239 S.W.3d 798
(Tex.Cr.App. 2007). . . . . . . . . . . . . . . . . . . . . . . . 15, 16, 18

*High v. State*, 573 S.W.2d 807 (Tex.Cr.App. 1978). . . . . . . . . 1

*In re Schulman*, 252 S.W.3d 403 (Tex.Cr.App. 2008). . . . . 1, 6

*Johnson v. State*, 885 S.W.2d 641
(Tex. App. - Waco 1994). . . . . . . . . . . . . . . . . . . . . . . . . 8

*Kacz v. State*, 287 S.W.3d 497
(Tex. App. - Houston [14th] 2009). . . . . . . . . . . . . . . . . . . 16

*Lopez v. State*, 86 S.W.3d 228 (Tex.Cr.App. 2002). . . . . 16, 19

# Index of Authorities
(CONT)

**Texas Cases** (CONT):

*Miller v. State*, _____ S.W.3d _____
        (Tex.Cr.App., No. PD-0038-14, April 15, 2015). . . . .   12-14

*Montgomery v. State*, 810 S.W.2d 372
        (Tex.Cr.App. 1991). . . . . . . . . . . . . . . . . . . . . .  16, 18, 19

*Oprean v. State*, 201 S.W.3d 724 (Tex.Cr.App. 2006). . .   16, 18

*Saxton v. State*, 804 S.W.2d 910 (Tex.Cr.App. 1991). . . . . .  14

*Smith v. State*, 520 S.W.2d 383 (Tex.Cr.App. 1975). . . . . . .  18

*Wilson v. State*, 40 S.W.3d 192
        (Tex.App. - Texarkana 2001). . . . . . . . . . . . . . . . . . . . 6

*Wilson v. State*, 955 S.W.2d 693 (Tex. App. - Waco 1997). . . . 8

*Zuniga v. State*, 144 S.W.3d 477 (Tex.Cr.App. 2004). . .   13, 14

**Texas Statutes / Codes**:

   Penal Code

        Section 37.09(a)(1). . . . . . . . . . . . . . . . . . . . . . . . . . 11

        Section 38.04 (a). . . . . . . . . . . . . . . . . . . . . . . . . . . 10

        Section 38.04 (b). . . . . . . . . . . . . . . . . . . . . . . . . . . 10

# Statement of the Case

The following is a brief general statement of the nature of the cause or offense:

Appellant was charged by indictment with the offense of Evading Arrest with a Vehicle, a Third degree Felony, in Cause No. CR2014-343 (Count II), and Tampering with Physical Evidence, a Third Degree Felony, in Cause No. CR2014-343 (Count III), in the 207th District Court of Comal County, Texas. He was convicted in both of the said causes and was sentenced to confinement for seventy-five (75) and thirty (30) years, respectively. Notice of Appeal was timely given.

# Issue Presented

**Whether the Instant Appeal Is Frivolous and Without Merit, Such That the Undersigned Should Withdraw as Appellate Counsel**.

# Note About Abbreviations

In this brief, Appellant refers to the Clerk's Record as "CR" followed by the appropriate page: e.g., "(CR 123)." Appellant refers to the Reporter's Record as "RR" followed by the volume, page and line numbers: e.g., "(RR Vol. 3, P. 47, L. 12-15).

No. 03-15-00144-CR (Counts II and III)

IN THE COURT OF APPEALS
FOR THE THIRD JUDICIAL DISTRICT OF TEXAS, AT AUSTIN

**Christopher Arthur Kurtz**
Appellant

v.

**The State of Texas**
Appellee

On Appeal from the 207th District Court of Comal County in
Cause No. CR2014-343, the Hon. Jack Robison, Judge
Presiding

# Brief Pursuant to Anders v. California

TO THE HONORABLE THIRD COURT OF APPEALS:

COMES NOW, John G. Jasuta, court-appointed attorney of record for Christopher Arthur Kurtz, Appellant in the above styled and numbered cause, and respectfully files this brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), ***High v. State***, 573 S.W.2d 807 (Tex.Cr.App. 1978), and ***In re Schulman***, 252 S.W.3d 403 (Tex.Cr.App. 2008), and would show the Court as follows:

1

## Statement of Facts

On October 1, 2013, Appellant picked up a friend, Alicia Dawn Sanchez, to take her to her new job, which she was starting that morning (RR Vol. 3, P. 73). Appellant was observed by Detective Bell of the New Braunfels Police Department, who was looking for him to serve an active warrant (RR Vol. 3, P. 106). Andrew Kempker, a New Braunfels Police Department Officer was called by Bell to effect an arrest (RR Vol. 3, P. 15). Kempker pursued Appellant, activated his emergency lights and watched as Appellant initially slowed and then accelerated at a high rate of speed (RR Vol. 3, PP. 16-17). Kempker followed him onto IH 35, headed south (RR Vol. 3, P. 18). Other officers were also involved in the pursuit (RR Vol. 3, P. 19).

The chase involved two people on a motorcycle, a male driver and a female in the rear, neither of whom Kempker knew at the time (RR Vol. 3, P. 19). Kempker testified that he never lost sight of Appellant during the chase (RR Vol. 3, P. 20), but the pursuit was called off by the supervisor on duty, Sergeant Cantu (RR Vol.

3, P. 21). Kempker stated that the pursuit took place in Comal County (RR Vol. 3, P. 23).

Chad Adams, a New Braunfels Police Department Officer found the motorcycle when called by Schertz PD but he never saw Appellant on it (RR Vol. 3, P. 45). He took custody of Appellant and transported him to the Police Department for interview (RR Vol. 3, P. 47). Officer Michael Rapier of the Schertz Police Department stated that he assisted in the search for Appellant and was on perimeter duty. He saw Appellant and called for him to come out of hiding and, when he didn't surrender, he pulled him out, handcuffed him and took him to waiting New Braunfels Police officers (RR Vol. 3, P. 62). Later, he returned to area and found a gun and keys on it (RR Vol. 3, P. 63), all in Comal County (RR Vol. 3, P. 64).

Appellant admitted that he knew Kempker was a police officer but stated that he didn't know for sure whether Kempker was attempting to lawfully arrest or detain him that day (RR Vol. 4, P. 46). At trial Appellant admitted to having and attempting to hide

3

the gun but stated that it had been put into his pocket by the passenger, Alicia Dawn Sanchez (RR Vol. 4, PP. 36, 39), who, by telling him she had a gun, and that he should avoid the police, forced his actions (RR Vol. 4, PP. 17-18, 45).

Sanchez testified that she was staying with a friend and Appellant lived across the street (RR Vol. 3, P. 72). She was otherwise homeless and had just gotten a new job (RR Vol. 3, P. 73). The roommate's car had no gas, so Appellant took her to work (RR Vol. 3, PP. 73-74).

While they were heading for her work, an officer tried to pull them over (RR Vol. 3, P. 74). Sanchez stated that she did not tell Appellant to run from the police, but, rather, asked him to pull over by a gas station. Appellant did not stop there, but took off instead (RR Vol. 3, PP. 75, 80-81), after saying, "Fuck it," (RR Vol. 3, PP. 75-76), and announcing, "I am running." Sanchez asked him to stop and she asked to get off (RR Vol. 3, PP. 76-77), but Appellant didn't stop until after the pursuit ceased, and eventually let her off at the Caterpillar dealer in Schertz (RR Vol. 3, P. 77).

4

Sanchez expressed no fear of Appellant, but was scared of going to jail (RR Vol. 3, PP. 77-78, 103). She stated that she knew Appellant was not trying "to keep me" (RR Vol. 3, P. 82), that he was just running from the police (RR Vol. 3, P. 83), and that he would let her off the motorcycle (RR Vol. 3, P. 85).

Sergeant James Bell of the New Braunfels Police Department testified that the manner and means of use of the motorcycle was such that it was capable of causing death or serious bodily injury (RR Vol. 3, P. 126). He stated that Appellant, by using it in such a manner, made it impossible for Alicia Sanchez to get off of the motorcycle (RR Vol. 3, P. 127), although there was no testimony that Sanchez ever attempted to get off of the motorcycle. Bell stated that Appellant transported Sanchez from one place to another (RR Vol. 3, P. 127). Bell stated that he saw a police officer attempt to stop Appellant and he saw Appellant flee from the officer (RR Vol. 3, P. 139). He believed Appellant knew the officer was a police officer (RR Vol. 3, P. 139). Appellant admitted that he was driving the motorcycle that day (RR Vol. 4, P. 63).

5

# Issue Presented Restated

**Whether the Instant Appeal Is Frivolous and Without Merit, Such that the Undersigned Should Withdraw as Appellate Counsel**.

A criminal defense attorney's duty is to zealously represent the interests of his client on appeal. ***Schulman***, 252 S.W.3d at 406 (Citing ***Anders***, 386 U.S. at 744).[1] If the appointed attorney finds the "case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." ***Anders***, 386 U.S. at 744. It is the motion to withdraw that is required in this situation. The so-called "***Anders***" brief accompanies the motion to withdraw as an assurance to the appellate court that the attorney has indeed

---

[1] See also ***McCoy v. Court of Appeals of Wisconsin, District I***, 486 U.S. 429, 437 (1988)(stating that both retained and appointed appellate attorneys have a "duty to withdraw" as counsel when they conclude that an appeal would be frivolous, but noting that appointed counsel "is presented with a dilemma because withdrawal is not possible without leave of court, and advising the court of counsel's opinion that the appeal is frivolous would appear to conflict with the advocate's duty to the client. It is well settled, however, that this dilemma must be resolved by informing the court of counsel's conclusion."); ***Wilson v. State***, 40 S.W.3d 192, 196 (Tex.App. - Texarkana 2001)("Under ***Anders*** and its progeny, if an appointed attorney concludes that his client's appeal is without merit, he must (1) so inform the court, (2) seek permission to withdraw, and (3) file a brief 'referring to anything in the record that might arguably support the appeal.'") (quoting ***McCoy*** and ***Anders***).

made a thorough and conscientious examination of the record, has provided the appellate court with the appropriate facts of the case and its procedural history, and has pointed out any potentially plausible points of error. *Anders*, 386 U.S. at 744.[2]

In *Anders*, the Supreme Court held that the appellate attorney could not fulfill his obligation to represent his client by filing a letter merely stating that he has concluded that the appeal is frivolous.[3] Such a "no-merit letter," setting out nothing more than a "bare conclusion," is not enough to assure the appellate courts that the attorney has made a thorough review of the record

---

[2] As the Supreme Court explained, the attorney's motion to withdraw must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court–not counsel–then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. *Anders*, 386 U.S. at 744. In Texas, an *Anders* brief need not specifically advance "arguable" points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities. See *Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.–Corpus Christi 2003, no pet.).

[3] In *Anders*, the appointed appellate attorney wrote the court of appeals the following letter: "I will not file a brief on appeal as I am of the opinion that there is no meritto the appeal. I have visited and communicated with Mr. Anders and have explained my views and opinions to him . . . . He wishes to file a brief in this matter on his own behalf."

and the applicable law, but has nonetheless concluded that there is no plausible basis for appeal. *Anders*, 386 U.S. at 742-744.

The attorney's duty to withdraw is based upon his professional and ethical responsibilities as an officer of the court not to burden the judicial system with false claims, frivolous pleadings, or burdensome time demands. The Supreme Court has stated,

> Neither paid nor appointed counsel may deliberately mislead the court with respect to either the facts or the law, or consume the time and the energies of the court or the opposing party by advancing frivolous arguments. An attorney, whether appointed or paid, is therefore under an ethical obligation to refuse to prosecute a frivolous appeal.

*McCoy*, 486 U.S. t 436.

Counsel's obligation to his client is to seek leave to withdraw as counsel. His obligation to the appellate courts is to assure them, through the mechanism of an *Anders* brief, that, after thorough investigation and research, his request is well founded.[4]

---

[4] See *Johnson v. State*, 885 S.W.2d 641, 647 n.1 (Tex. App. - Waco 1994), modified by *Wilson v. State*, 955 S.W.2d 693 (Tex. App. - Waco 1997)("After concluding that the appeal is frivolous, the attorney is under a duty to request permission from this court to withdraw from the appeal"; stating that an *Anders* brief is "a brief in support of the motion to withdraw").

# Professional Evaluation

Counsel would respectfully show the Court of Appeals that the instant appeal is frivolous and without merit, for the following reasons:

**Jurisdiction**: The trial court clearly had jurisdiction over both Counts II and III, both of which were within its subject matter (felony) and occurred within its geographic (Comal County) jurisdiction.

**Pre-Hearing Matters**: Neither the Clerk's Record nor any discussion in the Reporter's Record indicates that there were any matters raised in any motions filed prior to trial and rejected by the trial Court.

**Jury Selection**: There were no errors preserved with regard to jury selection, and, in any event, no error was committed during the jury selection process.

**Sufficiency of the Evidence**: The evidence to sustain the convictions in Count II and Count III is legally sufficient.

As to Count II, the statute prohibiting Evading Arrest or Detention with a Vehicle, states:

(a)     A person commits an offense if he intentionally flees from a person he knows is a peace officer or federal special investigator attempting lawfully to arrest or detain him.

(b)     An offense under this section is a Class A misdemeanor, except that the offense is:

\* \* \* \* \*

(2)     a felony of the third degree if:

(A)     the actor uses a vehicle while the actor is in flight;

Penal Code § 38.04 (a) and (b).

Sanchez testified that she notified Appellant that the officers were behind him (RR Vol. 3, PP. 74-75). Appellant testified that he knew the person behind him was an officer and, although he initially pulled over to let the officer by or to stop, he went on because Sanchez had a gun (RR Vol. 4, PP. 17-18). Sanchez said she did not tell Appellant to flee, but that he said he would be fleeing.

Appellant admitted that he was the man driving the motorcycle in the video (RR Vol. 4, P. 63), and the video shows affirmative actions taken by the motorcycle driver to avoid

10

apprehension by the officer.  Sergeant Bell testified there was a warrant for Appellant and that the officer was, at his direction, attempting to stop Appellant, and that he observed Appellant fleeing.  The evidence was sufficient to allow the jury to find guilt by finding all of the elements of the offense alleged in Count II of the indictment.

As to Count III, Tampering with or Fabricating Physical Evidence, the statute requires:

(a) A person commits an offense if, knowing that an investigation or official proceeding is pending or in progress, he:

(1) alters, destroys, or conceals any record, document, or thing with intent to impair its verity, legibility, or availability as evidence in the investigation or official proceeding;

Penal Code § 37.09(a)(1).

The State's evidence regarding the locating of the gun came from, Michael Rapier, the Shertz Police Department officer who, after removing Appellant, returned to the location and found the gun.  He located the weapon near where Appellant had been found, with the keys on top of it.  There was no evidence that

11

anyone had seen Appellant move, touch or handle in any manner, the gun.

Appellant testified that the gun was, apparently, put into his pocket by Sanchez without his knowledge and that when the officer pulled him out of the bushes, the gun came out (RR Vol. 4, P. 22). Appellant tried, unsuccessfully because he could not reach it, to push the gun up under some bushes (RR Vol. 4, P. 36). There was no attempt to take fingerprints nor were ownership records used to establish ownership. The gun was never shown to belong to anyone.

There was, however, a recorded jail call in which Appellant bragged to another person that he had pushed the gun up under a bush (State's Exhibit 9; RR Vol. 4, PP. 37-38). That evidence, alone, is sufficient to support a conviction, despite the lack of description as to the area in which the gun was found, except that it was an extra-judicial statement, which requires consideration of proof of the "*corpus delicti*" in a review of the sufficiency of the evidence. *Miller v. State*, _____ S.W.3d _____ (Tex.Cr.App., No.

12

PD-0038-14, April 15, 2015).  Under the *corpus delicti* rule, when the burden of proof is beyond a reasonable doubt, as it was regarding guilt or innocence in Count III of the case at bar, a defendant's extrajudicial confession does not constitute legally sufficient evidence of guilt absent independent evidence of the *corpus delicti*. ***Miller***, slip op. at 12; ***Hacker v. State***, 389 S.W.3d 860, 865 (Tex.Cr.App. 2013).  The *corpus delicti* rule requires that evidence independent of a defendant's extrajudicial confession show that the "essential nature" of the charged crime was committed by someone. ***Hacker***, 389 S.W.3d at 866.  The ultimate question with regard to sufficiency of the evidence with regard to Count III, therefore, is whether there is evidence independent of the recorded phone call demonstrating the "essential nature" of tampering with physical evidence by some person.

While Appellant testified at trial that he was unsuccessful in moving the gun, the jury did not have to accept that portion of the evidence.  See ***Zuniga v. State***, 144 S.W.3d 477, 482 (Tex.Cr.App.

13

2004); ***Cain v. State***, 958 S.W.2d 404, 407 (Tex.Cr.App. 1997); ***Saxton v. State***, 804 S.W.2d 910, 914 (Tex.Cr.App. 1991).

The sufficiency of the evidence regarding the corroboration under the *corpus delicti* rule must be measured against the evidence adduced from all sources, and it only has to show that the "essential nature" of the offense was committed by someone. There was evidence from Sanchez that Appellant was aware of the police pursuit. He stated in court that he was aware that she was carrying a gun, and that, upon discovering the gun had been planted, he tried to move it unsuccessfully. The gun which he was alleged to have tampered with was found with keys upon it which were shown to be returned to Appellant as his personal property. It is counsel's assertion that the evidence of the *corpus delicti* would be held sufficient and that the evidence of his phone call statement that he had actually moved the gun would be corroborated to the extent that the evidence would be held sufficient. See ***Miller***, *supra*; ***Hacker***, *supra*.

**Effective Assistance of Counsel**: Nothing in the record indicates that counsel's performance was deficient. Certainly there is nothing on the record which indicates counsel did or did not do anything which would undermine the Court's confidence in the verdict or the sentence imposed. Appellant was not denied the effective assistance of counsel, as defined in ***Strickland v. Washington***, 466 U.S. 668 (1984).

**Potential Errors Considered by Counsel**:

Appellant made several objections. In all instances there was either no error or no perceived harm. A review of those objections shows:

1. An overruled objection regarding State's Exhibit 2, a video of Appellant after his apprehension, on the basis that the prejudice outweighed the probative value (RR Vol. 3, PP. 29-33).

The State argued that the video helped to identify Appellant by allowing comparison of clothing to that shown in other videos. The trial court's admission of evidence is reviewed under an abuse-of-discretion standard. ***Hammons v. State***, 239 S.W.3d

15

798, 806 (Tex.Cr.App. 2007); *Oprean v. State*, 201 S.W.3d 724, 726 (Tex.Cr.App. 2006). Under that standard, an appellate court will reverse the trial court's decision only if the court acted arbitrarily, unreasonably, or without reference to any guiding rules or principles. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex.Cr.App. 1991). As long as the trial court's ruling is within the zone of reasonable disagreement, an appellate court should not intercede. *Casey v. State*, 215 S.W.3d 870, 879 (Tex.Cr.App. 2007); *Lopez v. State*, 86 S.W.3d 228, 230 (Tex.Cr.App. 2002); *Montgomery*, 810 S.W.2d at 391; *Kacz v. State*, 287 S.W.3d 497, 501-502 (Tex. App. - Houston [14th] 2009).

The decision to admit the evidence was not an abuse of discretion, because the evidence in question does allow for the comparison stated. Further, given that Appellant admitted to driving the motorcycle, there is no harm in its admission.

2. An overruled objection as to a question asking what Sanchez could have done (RR Vol. 3, P. 139).

Bell began to reply, "as someone who is [*sic*] ridden on motorcycles before" to which an objection was interposed "to the responsiveness of this." After the objection was overruled, Bell continued, and said that there would be no safe method of exiting the motorcycle unless it was stopped. While the introductory portion of the answer mentioned the witness' experience, it was interrupted and not completed until the ultimate answer, which was responsive to the question asked. Additionally, the answer, that exiting a motorcycle at speed is dangerous, is based on common sense and harmless.

3. An overruled objection during Appellant's testimony to the State's republishing State's Exhibit 8 to the jury (RR Vol. 4, P. 47).

The objection was that it was repetitive. However, Appellant testified that he knew Andrew Kempker was a law officer, but that he did not know for sure whether Kempker was attempting to lawfully arrest or detain him that day.

In State's Exhibit 8, Appellant is heard to say that he ran because he was trying to make the officer earn his money (RR Vol. 4, PP. 46-47). The State's Exhibit impeached Appellant's testimony in this regard. Pursuant to Rue 607, Tex.R.Evid., the credibility of a witness may be attacked by any party, including the party calling the witness. Additionally, as set out in Rule 613(a), Tex.R.Evid., a witness may be impeached with a prior statement when he gives testimony at trial which is inconsistent with the prior statement. *Smith v. State*, 520 S.W.2d 383, 386 (Tex.Cr.App. 1975).

There was no objection to the procedure used to impeach. Thus, the only question is whether the trial court's evidentiary ruling was an abuse of discretion. *Hammons*, 239 S.W.3d at 806; *Oprean*, 201 S.W.3d at 726. Again, an appellate court should reverse the trial court's decision only if the court acted arbitrarily, unreasonably, or without reference to any guiding rules or principles. *Montgomery*, 810 S.W.2d at 380. As long as the trial court's ruling is within the zone of reasonable disagreement, an

18

appellate court should not intercede. *Lopez*, 86 S.W.3d at 230; *Montgomery*, 810 S.W.2d at 391. The trial court did not abuse its discretion in allowing republication after Appellant's statement on cross examination.

4. An "objection" posed by Appellant as another portion of State's Exhibit 8 is to be republished during Appellant's testimony (RR Vol. 4, P. 50).

Despite his objection, trial counsel did not state an adequate objection when he stated, "Once again, Your Honor, I am going to object," and was then interrupted by the prosecutor. While there is a ruling, there is no specific objection. Thus, nothing was preserved for review.

5. An overruled objection to State's Exhibit P-23, an interview conducted by Bell of Appellant introduced during the punishment phase (RR Vol. 5, PP. 101-102).

Ten minutes of the interview had already been published during the guilt or innocence phase, but the portion sought to be published at the time of the objection related to various violations of protective orders, one of which resulted in the warrant which was being served at the time. The objection was that the exhibit

was repetitious and inflammatory (RR Vol. 5, PP. 101-102). The publication did not include those portions previously shown (RR Vol. 5, PP. 101-102). The exhibit did not relate to matters previously covered and thus, as limited by the trial court, it was not repetitious. There was no error.

6. An objection was lodged to the trial court answering a jury question (RR Vol. 6, P. 8).

There were two questions posed by the jury, one of which mentioned a discrepancy between the allegations of the date set out in enhancement paragraph number one and the supporting court documents, and a second, regarding whether the punishments for the charges would run consecutively or concurrently (RR Vol. 6, PP. 4-8). Trial counsel stated only, "Defense objects" (RR Vol. 6, P. 8). The objection came during a discussion of whether the question regarding the concurrent nature of service of sentence should be answered "concurrently," (RR Vol. 6, PP. 7-8). Thus, the objection was non-specific, did not state any grounds, and did not preserve any potential error.

## Conclusion

There are no points of error which can, in good conscience, be raised in this appeal as to Counts II and III.

## Notice Given to Appellant

The undersigned has forwarded a copy of this motion and a letter explaining Appellant's rights, as well as the procedures to be followed when a brief is filed by counsel indicating that the appeal is frivolous and without merit, to Appellant at the address set out in the certificate of parties. A true and correct copy of such letter is attached hereto.

## Prayer

WHEREFORE, PREMISES CONSIDERED, Christopher Arthur Kurtz, Appellant in the above styled and numbered cause respectfully prays that, after providing Appellant an opportunity to submit a *pro se* brief, this Honorable Court of Appeals will review the appellate record to make an independent determination of whether there are grounds upon which to appeal. The undersigned also prays that the Court will grant his motion to withdraw.

Respectfully submitted,

**John G. Jasuta**
Attorney at Law
1801 East 51st Street, Suite 365474
Austin, Texas 78723
eMail: lawyer1@johngjasuta.com
Tel. 512-474-4747
Fax: 512-532-6282
State Bar No. 10592300

Attorney for Appellant

22

## Statement Regarding Oral Argument

Oral Argument is Inapplicable

## Certificate of Compliance and Delivery

This is to certify that: (1) this document, created using WordPerfect™ X6 software, contains 4,021 words, excluding those items permitted by Rule 9.4 (i)(1), Tex.R.App.Pro., and complies with Rules 9.4 (i)(2)(B) and 9.4 (i)(3), Tex.R.App.Pro.; and (2) on June 5, 2015, a true and correct copy of the above and foregoing "Brief Pursuant to ***Anders v. California***" was transmitted via the eService function on the State's eFiling portal, to Joshua Presley (preslj@co.comal.tx.us), counsel of record for the State of Texas, and via USPS first class to Appellant, as indicated in the attached exhibit.

_____
**John G. Jasuta**

23

# Exhibit "A"



# John G. Jasuta

**Attorney at Law**
1801 East 51st Street, Suite 365-474
Austin, Texas 78723
Off. Tel. 512-474-4747
Fax: 512-532-6282

lawyer1@johnjasuta.com

www.texasappeallawyers.com

## Consultation by Appointment Only

June 5, 2015

Christopher Arthur Kurtz
3005 W San Antonio St
New Braunfels Texas 78130

Re: _Kurtz v. State_, No. 03-15-00144-CR (Counts II and III) in the Third Court of Appeals

Dear Mr. Kurtz:

Attached, please find a copy of the "Brief Pursuant to **_Anders v. California_**, 386 U.S. 738 (1967), seeking to withdraw as counsel as to Counts II and III of the case, which I have prepared an filed in the above captioned cause. After a diligent search of both the transcript and statement of facts in your case and the applicable law, it is my opinion that no reversible error occurred at your trial. So that you may understand my reasoning, a copy of my confidential notes on review of the appellate record in your case is attached.

Whenever appellate counsel files a motion such as this, the law accords the Appellant the right to review the record of the trial and file any brief which he or she deems necessary. Because I have submitted such a brief, you now have the right to review the record of your trial and file any brief which you deem necessary. Such brief would then be submitted to the Court of Appeals along with the brief I filed.

Pursuant to **_Kelly v. State_**, 436 S.W.3d 313 (Tex.Cr.App. 2014), I am required to take concrete measures to initiate and facilitate the process of actuating your right to review the appellate record, if that is what you wish to do. I am, therefore, informing you that, should you wish to exercise your right to review the appellate record in preparing to file a response to the **_Anders_** brief, you should immediately file a motion for _pro se_ access to the appellate record. Attached to this letter, you will find a motion requesting that access. All you need to do, if you do want to review the record, is to sign the motion, fill in your mailing address, and mail it to the Clerk of the Court of Appeals immediately. The address is as follows:

Jeffrey D. Kyle, Clerk
Third Court of Appeals
Post Office Box 12547
Austin, Texas 78711

Additionally, feel free to write me if you have any questions about the procedure utilized in your appeal. I will do my best to answer any questions you may have.

Sincerely,

**John G. Jasuta**

JGJ/mw

attachments

# Exhibit "B"

03-15-00144-CR (Counts II and III)

IN THE COURT OF APPEALS FOR THE
THIRD DISTRICT OF TEXAS, AT AUSTIN

| | | |
|---|---|---|
| Christopher Arthur Kurtz | § | On Appeal from the |
| Appellant | § | |
| | § | 207th District Court |
| v. | § | Comal County, Texas |
| | § | |
| The State of Texas | § | No. CR2014-343 (Counts II and III) |
| Appellee | § | Hon. JackRobison, Judge Presiding |

### Motion for Pro Se Access to the Appellate Record

TO THE HONORABLE THIRD COURT OF APPEALS:

I am writing to inform the Court that, having been informed by my court-appointed counsel on appeal that he has filed a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and that I have the right to review the appellate record and submit a *pro se* response. I hereby advise the Court of Appeals that I wish to exercise those rights, and respectfully request that the Court enter Orders requiring that I be provided with an opportunity to review the record in this case. I am also requesting sixty (60) days after I have been provided with that opportunity, to submit a *pro se* brief in this case.

_____
Christopher Arthur Kurtz
Comal County
3005 W San Antonio St
New Braunfels, Texas 78130

### Certificate of Service

This is to certify that I have mailed a copy of this motion to:

District Attorney for Comal County
Appellate Section
Comal County Courthouse Annex
150 N. Seguin Street
New Braunfels, Texas 78130-5122

_____
Christopher Arthur Kurtz

Date: _____

ACCEPTED
03-15-00144-CR
5609493
THIRD COURT OF APPEALS
AUSTIN, TEXAS
6/9/2015 4:44:55 PM
JEFFREY D. KYLE
CLERK

No. 03-15-00144-CR (Counts II and III)

| | | |
|---|---|---|
| **Christopher Arthur Kurtz** | § | IN THE COURT OF APPEALS |
| | § | |
| | § | THIRD JUDICIAL DISTRICT |
| vs. | § | |
| | § | OF TEXAS |
| | § | |
| **The State of Texas** | § | SITTING AT AUSTIN, TEXAS |

## Certificate of Counsel

In compliance with the requirements of ***Anders v. California***, 386 U.S. 378 (1967), I, John G. Jasuta, court-appointed counsel for Christopher Arthur Kurtz, in the above-referenced appeal, do hereby verify, in writing, to the Court that I have:

1. Notified Appellant that I filed a motion to withdraw as counsel with an accompanying ***Anders*** brief, and provided a copy of each to Appellant;

2. Informed Appellant of his right to file a *pro se* response identifying what he believes to be meritorious grounds to be raised in his appeal, should he so desire;

3. Advised of his right to review the appellate record, should he wish to do so, preparatory to filing that response;

4. Explained the process for obtaining the appellate record, provided a *Motion for Pro Se Access to the Appellate Record* lacking only's Appellant's signature and the date, and provided the mailing address for this Court; and

5. Informed Appellant of his right to seek discretionary review *pro se* should this Court declare his appeal frivolous.

Respectfully submitted,

_____
**John G. Jasuta**
Attorney at Law
1801 East 51st Street, Suite 365474
Austin, Texas 78723
eMail: lawyer1@johngjasuta.com
Tel. 512-474-4747
Fax: 512-532-6282
State Bar No. 10592300

Attorney for Appellant

## Certificate of Compliance and Delivery

This is to certify that: (1) this document, created using WordPerfect™ X7 software, contains 231 words, excluding those items permitted by Rule 9.4 (i)(1), Tex.R.App.Pro., and complies with Rules 9.4 (i)(2)(B) and 9.4 (i)(3), Tex.R.App.Pro.; and (2) on June 5, 2015, a true and correct copy of the above and foregoing "Certificate of Counsel" was transmitted via the eService function on the State's eFiling portal, to Joshua Presley (preslj@co.comal.tx.us), counsel of record for the State of Texas.

_____
**John G. Jasuta**